IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LORRI LUTES,

        Plaintiff,

v.                                        Civil Action No. 5:14-cv-89

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

## REPORT AND RECOMMENDATION

On July 7, 2014, Plaintiff Lorri Lutes ("Plaintiff"), proceeding *pro se*, filed a complaint in this Court to obtain judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner" or "Defendant"). ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis* which the undersigned granted on July 22, 2014. ECF Nos. 2 & 5.

On September 25, 2014, Defendant filed an answer and the administrative record of proceedings related to this case. ECF Nos. 9 & 10. Defendant also filed a certificate of service certifying that the answer and record had been served to Plaintiff. ECF No. 11. By order dated September 29, 2014, and pursuant to Local Rule of Civil Procedure 9.02(c), Plaintiff was required to file her motion for summary judgment within thirty days after Defendant filed her answer and a complete copy of the administrative record. ECF No. 12.

By April 2015, Plaintiff had not filed her motion for summary judgment or a motion for an extension of time. On April 2, 2015, the undersigned entered an order for Plaintiff to "file with the Court and serve on Defendant her motion for summary judgment and brief in support of her claims on or before May 2, 2015." ECF No. 14. The Court warned that "[f]ailure to do so will result in the undersigned entering a report and recommendation recommending to the District Judge that this case

be dismissed." *Id.*

The Court has the authority to dismiss an action with prejudice for Plaintiff's failure to prosecute under Federal Rules of Civil Procedure 41(b). FED. R. CIV. P. 41(b). This Court may exercise its authority to dismiss for failure to prosecute *sua sponte*, and may even do so without giving notice or an adversarial hearing, provided that due process standards are met. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962). As of this date, Plaintiff has been given over five months beyond the deadline provided by the Local Rules of Civil Procedure to file a motion for summary judgment or an extension of time. On September 29, 2014, Plaintiff was ordered to comply with the Local Rules of Civil Procedure, and, on April 2, 2014, Plaintiff was provided additional time to file a motion for summary judgment. ECF Nos. 12 & 14. Additionally, this Court's order to show cause put Plaintiff on notice that her case may be dismissed if she fails to file a motion for summary judgment and brief in support of her claims. ECF No. 14. This Court has given Plaintiff every opportunity to avoid dismissal of this matter, yet no action has been taken by Plaintiff to prosecute her case.

For the reasons appearing above, the undersigned recommends that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN FROM THE DOCKET** for the failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and

Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

DATED: May 4, 2015    /s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE