IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LORRI LUTES,

    Plaintiff,

v.                                  Civil Action No. 5:14CV89
                                            (STAMP)
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING THE REPORT AND**
**RECOMMENDATION OF THE MAGISTRATE JUDGE**

I. Background

In this civil action, the pro se[1] plaintiff filed a complaint, wherein she seeks judicial review of a final decision by the defendant. ECF No. 1. The plaintiff also filed a motion to proceed in forma pauperis, which was granted. ECF Nos. 2 and 5, respectively. United States Magistrate Judge James E. Seibert then entered an order directing the parties to adhere to the requirements under Local Rule of Civil Procedure 9.02. ECF No. 12. Under that order, the plaintiff was directed to file her motion for summary judgment and memorandum in support within 30 days. Pursuant to that deadline, the plaintiff's motion was due on October 29, 2014. In April 2015, the record shows that the plaintiff had yet to file her motion for summary judgment. The

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

magistrate judge then entered an order to show cause, wherein he ordered the plaintiff to file and serve her motion for summary judgment by May 2, 2015. ECF No. 14. In that order, the magistrate judge explicitly stated that "[f]ailure to [file a motion for summary judgment and brief in support] will result in the [magistrate judge] entering a report and recommendation recommending to the District Judge that this case be dismissed." Id. Despite that warning, the plaintiff still did not file a motion for summary judgment. Accordingly, the magistrate judge entered a report and recommendation. ECF No. 16. In that report and recommendation, the magistrate judge recommends that this civil action be dismissed with prejudice and be stricken from the docket for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Id. The plaintiff did not file objections to that report and recommendation.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it,

2

the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

### III. Discussion

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may sua sponte dismiss a civil action for failure to prosecute. Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962) ("Neither the permissive language of [Rule 41] . . . nor its policy requires us to conclude that it was the purpose of [Rule 41] to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."). As the Supreme Court of the United States has stated, "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power.'" Id.

Based on the record, this Court finds no clear error in the determination of the magistrate judge. The magistrate judge provided ample opportunities and warnings to the plaintiff that failure to prosecute her case could lead to an adverse judgment against her. This was done through two orders, and the record shows the plaintiff received copies of those orders. ECF Nos. 13 and 15. Furthermore, the plaintiff has yet to file any motion seeking an extension of time or has yet to otherwise contact this Court. Therefore, the plaintiff's claim must be dismissed for

3

failure to prosecute. Accordingly, the report and recommendation of the magistrate judge is affirmed and adopted.

## IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation is hereby AFFIRMED AND ADOPTED. Accordingly, it is ORDERED that this civil action be DISMISSED WITH PREJUDICE and be STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, she has waived her right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 21, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE